IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SILVESTER JUANES,

        Plaintiff,

vs.

ONEWORLD COMMUNITY HEALTH, and ONEWORLD COMMUNITY HEALTH CENTERS, INC.,

        Defendants.

8:23CV134

**MEMORANDUM AND ORDER**

Plaintiff filed a Complaint on April 7, 2023. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff brings this action for damages against his former employer, OneWorld Community Health Centers, Inc. ("Defendant"), alleging that Defendant discriminated against him on the bases of race (Mexican) and color (brown) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified, 42 U.S.C. §§ 2000e to 2000e-17. Filing No. 1 at 3–4. Plaintiff alleges Defendant failed to promote him and terminated his employment in February 2022. Id. at 4. Plaintiff alleges the facts in support of his case as follows:

> I had been yelled at by employee Tay Orr who stated that she was tired of Mexicans coming to America and taking jobs. She stated that Mexicans should speak English because this is America. She further stated that the position of Chief Diversity and Inclusion Officer for which I had applied to was a waste of money. I was given two interviews for the position I had applied to which would have been a promotion for me from my current

> project manager position. After my first interview, I was called to the HR office and informed that an investigation was being launched on me because I had allegedly made some people uncomfortable. The HR Director cited that I had asked staff how their children were doing and had invited staff out to lunch which was common practice. One hour before my final interview I was called into the HR office and terminated. When asked why HR director stated that it was because I had asked staff about their kids and out to lunch. I shared I had just had a performance review and no one had mentioned this. He stated it did not matter, he was not going to debate with me, and that I needed to leave before he had me escorted out. That was it.

Id. at 5 (spelling corrected).

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter on January 5, 2023. Id.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the

2

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS

Prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his administrative remedies by first seeking relief through the EEOC. 42 U.S.C. § 2000e-5(f)(1). The EEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1); *see also* Hanenburg v. Principal Mut. Life Ins. Co., 118 F.3d 570, 573 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C. § 2000e-5(f)(1); *see also* Littell v. Aid Ass'n for Lutherans, 62 F.3d 257, 259 (8th Cir. 1995) (failure to file suit within ninety days after the receipt of a notice from the EEOC renders a plaintiff's action untimely). The civil complaint may only encompass issues that

3

are reasonably related to the substance of charges timely brought before the EEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Here, Plaintiff alleges he received a copy of his right-to-sue notice from the EEOC on January 5, 2023, but he did not attach a copy of the Notice of Right to Sue letter to his Complaint despite the instruction to do so contained within the form complaint Plaintiff utilized. Filing No. 1 at 5. Plaintiff signed the Complaint on April 4, 2023, *Id.* at 6, and the envelope in which he mailed the Complaint is postmarked April 5, 2023, but the Complaint was not filed in this Court until April 7, 2023, which is 92 days after Plaintiff received the right-to-sue notice. *See Hallgren v. U.S. Dep't of Energy*, 331 F.3d 588, 589–90 (8th Cir. 2003) (district court did not err in concluding that ADEA complaint mailed one day prior to expiration of 90-day period for filing suit and received five days beyond the 90-day period was untimely filed). Plaintiff does not contend that any equitable or exceptional circumstances exist that warrant tolling of the 90-day period. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–96 (1982) (a claimant's failure to file suit within this period bars his or her right to pursue the claim, absent equitable tolling or exceptional circumstances).

On the Court's own motion, Plaintiff will be given 30 days to show cause why this case should not be dismissed for his failure to file suit within 90 days of receipt of a right-to-sue notice from the EEOC. Plaintiff is directed to file a copy of his right-to-sue notice from the EEOC with his response to this order. The Court will reserve ruling on the equitable applicability of any mailbox rule pending Plaintiff's response concerning his failure to file his Complaint with the Clerk of Court within 90 days of receiving his EEOC right-to-sue notice. If Plaintiff fails to show that equitable or exceptional circumstances

exist that warrant tolling of the 90-day period, this matter will be dismissed without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days to show cause why this case should not be dismissed for his failure to file suit within 90 days of receipt of a right-to-sue notice from the EEOC. Plaintiff is directed to file a copy of any right-to-sue notice received from the EEOC with his response. If Plaintiff fails to respond to this Memorandum and Order and show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period, this matter will be dismissed without further notice.

2. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **January 8, 2024**: Deadline for Plaintiff to show cause and file right-to-sue notice.

3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

Dated this 7th day of December, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge