IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SILVESTER JUANES,<br><br>               Plaintiff,<br><br>vs.<br><br>ONEWORLD COMMUNITY HEALTH, and ONEWORLD COMMUNITY HEALTH CENTERS, INC.,<br><br>               Defendants. | **8:23CV134**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on Plaintiff's response, Filing No. 7, to the Court's order, Filing No. 6, requiring him to show cause why this case should not be dismissed for his failure to file suit within 90 days of receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). Specifically, the Court directed Plaintiff to file a copy of the right-to-sue notice and to also show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period. Id. at 4–5.

      Plaintiff filed a response on December 18, 2023, and included a copy of his right-to-sue notice from the EEOC dated January 5, 2023. Filing No. 7 at 3–5. Plaintiff alleges he received a copy of this right-to-sue notice on that same date, January 5, 2023, Filing No. 1 at 5, and ninety days later was Wednesday, April 5, 2023. However, Plaintiff's Complaint was not filed in this Court until April 7, 2023, which is 92 days after Plaintiff received the right-to-sue notice. Though Plaintiff signed the Complaint on April 4, 2023, Id. at 6, and the envelope in which he mailed the Complaint is postmarked April 5, 2023, Id. at 7, the Complaint was not received by the Clerk of the Court, and thus not "filed," until April 7, 2023. See Fed. R. Civ. P. 5(d)(2) (papers filed non-electronically are filed by

delivering the paper to the clerk or to a judge who accepts it for filing). "This requirement that papers must be received by the clerk, not mailed, to be considered filed applies to complaints alleging violations of Title VII." *Robinette v. Promedica Pathology Labs*, No. 5:19-CV-2476, 2021 WL 3860520, at *2–3 (N.D. Ohio Aug. 30, 2021) (citing cases), *aff'd sub nom*. *Robinette v. ProMedica Pathology Lab'ys, LLC*, No. 21-3867, 2022 WL 4540192 (6th Cir. May 9, 2022). As a non-prisoner, Plaintiff is not entitled to the benefit of the "mailbox rule," which applies only to prisoners. *See, e.g.*, *Robinette v. ProMedica Pathology Lab'ys, LLC*, No. 21-3867, 2022 WL 4540192, at *2 (6th Cir. May 9, 2022) ("Robinette's contention that her complaint was deemed to have been filed when it was placed in the mail depends on the 'mailbox rule,' which is available only to pro se prisoners."); *Junco v. Advoc. Aurora Health*, 646 F. Supp. 3d 978, 984–85 (E.D. Wis. 2022) (the mailbox rule "emphasizes the special difficulties faced by pro se prisoners and does not apply to non-prisoners" (citation omitted)); *Gilliard v. Gruenberg*, 302 F. Supp. 3d 257, 286 (D.D.C. 2018) (non-prisoner plaintiff not entitled to benefits of mailbox rule because "courts have squarely restricted application of the mailbox rule to pro se prisoners" (citing cases)). Thus, absent equitable or exceptional circumstances to toll the limitations period, Plaintiff's Complaint is untimely.

The 90-day limitations period in 42 U.S.C.A. § 2000e-5(f)(1) is not jurisdictional and is subject to equitable tolling. *Hill v. John Chezik Imports*, 869 F.2d 1122, 1123 (8th Cir. 1989) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). In *Turner v. Bowen*, 862 F.2d 708 (8th Cir. 1988), the Eighth Circuit Court of Appeals explained the kinds of circumstances that can support the equitable tolling of a limitations period:

> Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or

2

>fraudulent. *Smith v. McClammy*, 740 F.2d 925, 927 (11th Cir. 1984) (Title VII case). "Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." *Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988) (equitable tolling denied even though claimant for social security disability benefits asserted that illness prevented her from timely filing an action in federal district court).

*Turner*, 862 F.2d at 710; *see also Hill*, 869 F.2d at 1124 & n.2 (cataloguing the types of instances in which waiver or equitable tolling is warranted and noting that courts have generally reserved the remedy of equitable tolling for circumstances which are truly beyond the control of the plaintiff or when the conduct of the respondent has lulled the plaintiff into inaction). Equitable tolling, however, is an exceedingly narrow window of relief.

In his response, Plaintiff indicates that he did not knowingly file his suit late and that his failure to timely file suit was due to his difficulties with "[n]avigating the legal system" and his inability to find representation. Filing No. 7 at 1–2. Plaintiff states that, though he was unable to obtain counsel, he tried to file the suit on time on his own, but struggled due to his "limited understanding of legal terminology and the law." *Id*. at 2. Though the Court appreciates Plaintiff's difficulties in proceeding as a pro se, or self-represented, litigant, the Eighth Circuit "has recognized the principle that 'ignorance of legal rights does not toll a statute of limitations.'" *Turner*, 862 F.2d at 710 (quoting *Larson v. Am. Wheel & Brake, Inc.*, 610 F.2d 506, 510 (8th Cir. 1979)). Nothing in Plaintiff's response indicates that he was somehow prevented by a third-party's fraudulent or misleading conduct from filing his Complaint within ninety days of receiving his right-to-sue-notice, nor does his unsuccessful search for counsel warrant equitable tolling. *See Jihad v. Hvass*, 267 F.3d 803, 806–07 (8th Cir. 2001). And "Plaintiff's pro se status does

3

not exempt [him] from compliance with Title VII's ninety-day limitations period for filing an action in federal court." *Robinette v. Promedica Pathology Labs*, 2021 WL 3860520, at *2.

Based on the foregoing, the Court finds that Plaintiff filed the present suit more than 90 days after he received his right-to-sue notice and has failed to show that equitable or exceptional circumstances exist that warrant tolling of the 90-day time period. Accordingly, the Court will dismiss this matter with prejudice as Plaintiff's Complaint, filed two days after the limitations period expired, is untimely. *See Hallgren v. U.S. Dep't of Energy*, 331 F.3d 588, 589–90 (8th Cir. 2003) (district court did not err in concluding that ADEA complaint mailed one day prior to expiration of 90-day period for filing suit and received five days beyond the 90-day period was untimely filed); *Gilliard*, 302 F. Supp. 3d at 286 ("Courts in this jurisdiction have strictly construed the ninety-day statute of limitations in Title VII cases, even where the plaintiff is proceeding pro se" and "will dismiss a suit for missing the deadline by even one day." (internal quotation marks and quotations omitted)); *Hudson v. Genesee Intermediate Sch. Dist.*, No. 13-cv-12050, 2013 WL 6163220, at *4 (E.D. Mich. Nov. 25, 2013) ("As many courts have held, Title VII's [90] day period applies to pro se plaintiffs, and even one day's delay is fatal to a claim." (internal quotation marks and quotation omitted) (collecting cases)).

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice.
2. The Court will enter judgment by a separate document.

4

Dated this 9th day of December, 2024.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge